IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TINA WHITE, ) | |
| ) | 1:16-cv-05081 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NETSPEND CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, TINA WHITE, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, NETSPEND CORPORATION, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act, 15 U.S.C. §1693, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. TINA WHITE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in, County of Cook, State of Illinois.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6. At all relevant times, Plaintiff had an asset account in her name with Defendant (hereinafter, "Plaintiff's NetSpend Account").

1

7. At all relevant times, Plaintiff's NetSpend Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8. At all relevant times, Plaintiff's NetSpend Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9. NETSPEND CORPORATION, (hereinafter, "Defendant") is a business entity that conducts business within the State of Illinois. Defendant is incorporated in the State of Illinois.

10. At all relevant times, Defendant held Plaintiff's NetSpend Account.

11. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(8).

13. At all relevant times, Carleton Hotel received funds from Plaintiff's NetSpend Account, which were transferred to Carleton Hotel via an electronic terminal, telephonic instruction or computer or magnetic tape after Carleton Hotel instructed Defendant to transfer funds to Carleton Hotel from Plaintiff's NetSpend Account.

14. At all relevant times, Carleton Hotel was a payee that was the recipient of funds transferred from Plaintiff's NetSpend Account to Carleton Hotel.

15. At all relevant times the electronic transfer of funds from Plaintiff's NetSpend Account to Carleton Hotel constitute an "electronic fund transfer" as that term is defined by 15 U.S.C. §1693a(7).

## IV. ALLEGATIONS

16. On or about February 22, 2016, Plaintiff deposited approximately $5,800.00 into her NetSpend Account.

17. On or about March 6, 2016, Plaintiff discovered that the balance on her NetSpend Account had been virtually depleted and that there remained a balance on her NetSpend Account of approximately $100.00.

18. From February 22, 2016 through March 6, 2016, Plaintiff had not authorized payments totaling approximately $5,700.00.

19. Upon receiving notification that the funds on her NetSpend Account had almost been depleted, on or about March 6, 2016, Plaintiff initiated a telephone call to Defendant.

20. During the course of her telephone call with Defendant on or about March 6, 2016, Plaintiff was informed about certain charges from her NetSpend Account to Carleton Hotel.

21. Prior to March 6, 2016, Plaintiff was not aware of the circumstances relating to the debit of certain funds from Plaintiff's NetSpend Account by Carleton Hotel.

22. Plaintiff did not provide Carleton Hotel with consent to debit certain funds from Plaintiff's NetSpend Account on or about March 6, 2016.

23. Plaintiff did not provide Defendant with consent for Carleton Hotel to debit certain funds from Plaintiff's NetSpend Account on or about March 6, 2016.

24. Prior to March 6, 2016, Plaintiff was not aware that $1,883.68 was going to be debited from Plaintiff's NetSpend Account by Carleton Hotel.

25. During the course of her telephone call with Defendant on or about March 6, 2016, Plaintiff disputed the charges that had been paid by Defendant through her NetSpend Account to Carleton Hotel.

26. During the course of her telephone call with Defendant on or about March 6, 2016, Defendant provided Plaintiff with a claim number and a reference number.

27. During the course of her telephone call with Defendant on or about March 6, 2016, Defendant informed Plaintiff that she needed to submit her dispute to Defendant in writing by including a dispute letter detailing the nature of her dispute, details of the disputed transaction, the claim number and the reference number. Defendant further informed Plaintiff that she could submit her written dispute to Defendant by mail or by email.

28. On or about March 7, 2016, Plaintiff sent by email a written dispute to Defendant regarding funds transferred from her NetSpend Account to the Carleton Hotel without her knowledge or approval. Plaintiff included with her written dispute, details of the disputed transaction and Defendant's claim number and reference number, previously provided by Defendant to Plaintiff during the course of her oral dispute to Defendant of March 6, 2016.

29. On or about March 7, 2016, Defendant received a copy of Plaintiff's written dispute.

30. By March 7, 2016, Defendant had received both oral and written notice of Plaintiff's dispute of an erroneous payment by Defendant from Plaintiff's NetSpend Account to Carleton Hotel.

31. By March 7, 2016, Defendant had received from Plaintiff sufficient information to identify Plaintiff by name and identify by number Plaintiff's NetSpend Account.

32. By March 7, 2016, Defendant had provided Plaintiff with a claim number and a reference number, both of which were contained within Plaintiff's written dispute to Defendant.

33. By March 7, 2016, Plaintiff had provided Defendant with the reason for her dispute to Defendant relative to the disputed transaction(s) with Carleton Hotel.

34. Within ten (10) business days of receiving written notice of her dispute, Defendant was under an affirmative obligation to investigate the dispute from Plaintiff, determine whether an error had occurred, and report or mail the results of such an investigation and determination to Plaintiff.

35. Alternatively, if within ten (10) business days of receiving written notification of Plaintiff's dispute, Defendant provisionally recredited Plaintiff's account with the funds relative to the amount alleged to be in dispute, then Defendant would have had forty-five (45) days to complete its investigation into Plaintiff's dispute and to report or mail the results of such an investigation and determination to Plaintiff.

36. If a financial institution, after conducting an investigation into a dispute by a consumer, determines that an error did not occur, it shall deliver or mail to the consumer an explanation of its findings within three (3) business days after the conclusion of its investigation.

37. Plaintiff never authorized the debit of the disputed funds from Plaintiff's NetSpend Account.

38. Plaintiff never provided Carleton Hotel with permission, consent or authority to debit the disputed funds from Plaintiff's NetSpend Account;

39. The disputed funds Carleton Hotel debited from Plaintiff's NetSpend Account were relative to a bill Plaintiff was not legally responsible to pay.

40. The disputed funds Carleton Hotel debited from Plaintiff's NetSpend Account were relative to a bill Plaintiff was not legally obligated to pay.

41. Upon information and belief, to date, Defendant has not conducted an investigation relative to the dispute submitted to Defendant by Plaintiff.

42. To date, Defendant has not sufficiently reported the result of any putative investigation it conducted relative to Plaintiff's dispute.

43. To date, Defendant has not issued Plaintiff a credit for the funds debited by Carleton Hotel from Plaintiff's NetSpend Account.

44. Presently, Plaintiff remains without the $1883.68 debited by Carleton Hotel from Plaintiff's NetSpend Account.

45. Defendant's conduct, as delineated above, is in violation of 15 U.S.C. §1693f(a).

46. Defendant's conduct, as delineated above, is in violation of 15 U.S.C. §1693f(c).

47. Defendant's conduct, as delineated above, is in violation of 15 U.S.C. §1693f(d).

48. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer mental anguish, emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiff, TINA WHITE, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

    c. Plaintiff's attorneys' fees and costs; and,

    d. Any other relief deemed appropriate by this Honorable Court.

### V.   **JURY DEMAND**

49. Plaintiff hereby demands a trial by jury on all issues so triable.

                                                Respectfully submitted,
                                                **TINA WHITE**

                                      By:    s/ David M. Marco
                                                    Attorney for Plaintiff

<u>Dated: May 10, 2016</u>

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
20 S. Clark Street, Suite 2120
Chicago, IL 60603
Telephone:    (312) 546-6539
Facsimile:     (888) 418-1277
E-Mail:         dmarco@smithmarco.com